1  SCHIFFRIN BARROWAY TOPAZ & KESSLER, LLP
   Alan R. Plutzik (Bar No. 077785)
2  L. Timothy Fisher (Bar No. 191626)
   2125 Oak Grove Road, Suite 120
3  Walnut Creek, CA  94598
   Telephone: (925) 945-0770
4  Facsimile: (925) 945-8792

5
       - and -
6
7  Joseph H. Meltzer
   Gerald D. Wells, III
8  Robert J. Gray
   Robert W. Biela
9  280 King of Prussia Road
   Radnor, PA  19087
10 Telephone: (610) 667-7706
   Facsimile: (610) 667-7056
11

12

13                 **UNITED STATES DISTRICT COURT**
14              **SOUTHERN DISTRICT OF CALIFORNIA**

15 ┌─────────────────────────────────────┐
   │ PAUL VELASQUEZ and FAVIOLA           │
16 │ ALVAREZ, on behalf of themselves and │   CASE NO.   '08 CV 0153 J LSP
   │ all others similarly situated,       │
17 │                                      │
   │            Plaintiffs,               │
18 │                                      │   CLASS / COLLECTIVE ACTION
   │       v.                             │   COMPLAINT
19 │                                      │
   │ HSBC FINANCE CORPORATION;            │
20 │ HSBC FINANCE CORPORATION d/b/a/      │
   │ HOUSEHOLD FINANCE                    │
21 │ CORPORATION; HSBC FINANCE            │   JURY TRIAL REQUESTED
   │ CORPORATION d/b/a/ BENEFICIAL;       │
22 │ and DOES 1 through 10, inclusive,    │
23 │                                      │
   │            Defendant.                │
24 └─────────────────────────────────────┘

25

26        Paul Velasquez and Faviola Alvarez (together, "Plaintiffs"), on behalf of themselves and all

27 others similarly situated, allege as follows:

28

---
CLASS/COLLECTIVE ACTION COMPLAINT
54221

### INTRODUCTION

1.      Plaintiffs bring this action on behalf of themselves, and all other employees similarly situated, to recover unpaid wages and overtime compensation pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA" or the "Act") and to recover unpaid compensation pursuant to the California Labor Code, Industrial Welfare Commission Wage Orders and the California Business & Professions Code (collectively the "CA Labor Laws").

2.      As explained herein, under applicable employment laws, Account Executives (defined below) are entitled to wages for all hours worked, including overtime compensation. In short, if Account Executives work over forty hours per week, they are entitled to overtime pay.

3.      This is a nationwide collective action on behalf of all current and former "Account Executives," defined as: individuals who marketed and/or sold mortgages, insurance, home-equity loans, auto loans and/or other financial products and services (collectively "Financial Products"), who are, or were, employed by HSBC Finance Corporation, Household Finance Corporation, Beneficial (collectively, "HSBC"), or any other parent, subsidiary, related, predecessor or successor companies (collectively, the "Company"), excluding Account Executives employed by Decision One Mortgage Company, to recover unpaid wages and overtime compensation pursuant to the FLSA.

4.      Further, Plaintiffs bring this action as a state-wide class action on behalf of all current and former Account Executives within the State of California for all unpaid compensation, including overtime and minimum wages, pursuant to the CA Labor Laws.

5.      Plaintiffs are unaware of the names and capacities of those defendants sued as DOES 1 through 10, but will seek leave to amend this complaint once their identities become known to Plaintiffs. Upon information and belief, Plaintiffs allege that at all relevant times each defendant, including the DOE Defendant 1 through 10, was the officer, director, employee, agent, representative, alter ego, or co-conspirator of each of the other defendant, and in engaging in the conduct alleged herein was in the course and scope of and in furtherance of such relationship. Unless otherwise specified, Plaintiffs will refer to all defendants, including the Company, collectively as "Defendant" and each allegation pertains to each Defendant.

CLASS/COLLECTIVE ACTION COMPLAINT
54221

## SUMMARY OF CLAIMS

6.      Plaintiffs bring this suit on behalf of three classes of similarly situated persons composed of :

        a.      All current and former Account Executives employed by Defendant in the United States, excluding Account Executives employed by Decision One Mortgage Company, who elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. § 216(b) ("Nationwide Collective Class");

        b.      All current Account Executives employed by Defendant in the State of California, excluding Account Executives employed by Decision One Mortgage Company, who are engaged in the business of originating and selling Financial Products (the "CA Class A"); and

        c.      All former Account Executives employed by Defendant in the State of California, excluding Account Executives employed by Decision One Mortgage Company, who were engaged in the business of originating and selling Financial Products (the "CA Class B").

7.      The CA Class A and CA Class B are hereafter collectively referred to as the "CA Class." The CA Class and Nationwide Collective Class are hereafter collectively referred to as the "Classes."

8.      Plaintiffs allege on behalf of the Nationwide Collective Class who elect to opt-in to this action that they are: (i) entitled to unpaid wages from Defendant for hours worked for which they did not receive the mandatory minimum wage, as required by law; (ii) entitled to unpaid wages from Defendant for overtime work for which they did not receive overtime premium pay, as required by law, and (iii) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. § 201 *et seq.*

9.      Plaintiffs allege on behalf of the CA Class that Defendant violated the CA Labor Laws by, *inter alia*: (i) failing to provide the mandated minimum wage for all hours worked; (ii) failing to pay overtime at the rate of one and one-half times the employee's regular rate for all hours worked in excess of forty (40) hours in any given workweek, and/or in excess of eight (8) hours in a workday; (iii) failing

CLASS/COLLECTIVE ACTION COMPLAINT
54221

to provide all required meal and rest breaks; and (iv) impermissibly deducting monies from their compensation.

10.    As a result of Defendant's violation of the FLSA and the CA Labor Laws, Plaintiffs and members of the Classes were illegally under-compensated for their work.

## FACTUAL ALLEGATIONS

11.    Plaintiffs and the other similarly situated members of the Classes are or were engaged in the sale of Financial Products on behalf of Defendant, who regularly worked in excess of forty hours per workweek without receiving compensation for those hours, including any premium for overtime pay as required by law.

12.    The crux of federal and California state employment and labor laws is one simple proposition—employees are entitled to be paid for all hours worked.

13.    Indeed, unless proven to be exempt from the protection of minimum wage and overtime laws, all employees are entitled to receive the statutory minimum wage for all hours worked and premium overtime pay for work in excess of forty hours per week.

14.    Further, members of the CA Class are entitled to premium overtime pay for all hours worked in excess of eight (8) hours per workday.

15.    Due to the nature of the job responsibilities and requirements of Defendant, Account Executives, including Plaintiffs, regularly work more than 40 hours a week during the course of their employment with Defendant.

16.    The duties of Account Executives are set forth in uniform, company-wide policies and procedures promulgated by Defendant.

17.    Defendant's employment policies regarding Account Executives did not require them to hold a degree specifically in the sale of Financial Products.

18.    Although the FLSA and the CA Labor Laws provide for certain exemptions to the mandates of paying overtime compensation, no exemption applies in the instant matter.

CLASS/COLLECTIVE ACTION COMPLAINT
54221

19.    First and foremost, Plaintiffs and members of the Classes are not administratively exempt because, among other things, their primary duty is the sale of Financial Products.

20.    Likewise, Plaintiffs and members of the Classes do not qualify for the professional exemption described in the Act, *see* 29 U.S.C. § 213, or under California law because Account Executives are not employed in a *bona fide* professional capacity, requiring a specific degree in a field of science or learning.

21.    Plaintiffs and members of the Classes do not qualify for the executive exemption because they do not have the authority to hire or fire any of the employees working for Defendant, nor are they responsible for managing the affairs of the Company.

22.    Lastly, Plaintiffs and members of the Classes are not exempt under the commissioned sales exemption because this exemption is unavailable to Defendant due to the fact that Defendant lacks a retail concept.  Businesses that lack a retail concept under the FLSA cannot claim the commissioned sales exemption.

23.    As such, Account Executives, including Plaintiffs and members of the Classes, are not exempt from the requirements of minimum wage and premium overtime pay, and thus have been wrongfully denied compensation for all hours worked, including hours in excess of 40 in a workweek, and/or in excess of eight (8) hours in a workday.

24.    In violation of the Act and the CA Labor Laws, Plaintiffs and the members of the Classes have not been paid overtime compensation at a rate not less than one and one-half times their regular rate of pay for work performed over the 40 hour work week, and/or in excess of eight (8) hours in a workday.

25.    Plaintiffs allege on behalf of the members of the Classes that Defendant's failure to pay all wages, including overtime, was knowing and willful.  Accordingly, Plaintiffs and members of the Classes are entitled to recover all wages due for overtime hours worked, for which the appropriate compensation was not paid.

26.    Evidence reflecting the precise number of overtime hours worked by Plaintiffs and every other member of the Classes, as well as the applicable compensation rates, is in the possession of

CLASS/COLLECTIVE ACTION COMPLAINT
54221

Defendant.  If these records are unavailable, members of the Classes may establish the hours they worked solely by their testimony and the burden of overcoming such testimony shifts to the employer.  *See Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946).

27.    Each of the foregoing acts is in contravention of applicable employment laws.

## JURISDICTION AND VENUE

28.    This Court has jurisdiction over this matter pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331.

29.    This Court has original jurisdiction over all claims in this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d).  This is a putative class action whereby: (i) the proposed Rule 23 class consists of over 100 or more members; (ii) at least some of the members of the proposed class, including Plaintiffs, have a different citizenship from Defendant; and (iii) the claims of the proposed Rule 23 class exceed $5,000,000.00 in the aggregate.

30.    Further, this Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiffs' state law claims because those claims derive from a common nucleus of operative facts.

31.    In addition, this Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

32.    Venue is proper pursuant to 28 U.S.C. § 1391, as a substantial part of the acts or omissions giving rise to the claims alleged herein occurred within this judicial district, and the Defendant is subject to personal jurisdiction in this district.

## PARTIES

33.    Paul Velasquez is a resident of the State of California employed by Defendant as an Account Executive during the statutory period covered by this Complaint, who Defendant failed to compensate for all hours worked, including all hours above and beyond the forty hour work week, and/or eight in a workday.

34.    Faviola Alvarez is a resident of the State of California employed by Defendant as an Account Executive during the statutory period covered by this Complaint, who Defendant failed to

compensate for all hours worked, including all hours above and beyond the forty hour work week, and/or eight in a workday.

35.     Plaintiffs consent in writing to be parties to this action, pursuant to 29 U.S.C. § 216(b), and their Consents to Sue are attached hereto as Exhibit A.

36.     Defendant HSBC Finance Corporation ("HSBC Finance"), a principal subsidiary of HSBC North America, is a corporation formed under the laws of the State of Delaware, with its principal place of business in Prospect Hills, Illinois.  Upon information and belief HSBC Finance is registered to do business in the State of California, and does business as Household Finance Corporation ("HFC") and Beneficial.

37.     HSBC does business as a national provider of Financial Products under the brand names of HSBC, HFC and Beneficial, with offices located nationwide.  At all relevant times during the Class Period, Defendant has maintained offices within the State of California and this district.  Defendant employs, upon information and belief, hundreds of Account Executives in the State of California at any one time during the relevant class period and believes the Nationwide Collective Class is significantly larger.

## COLLECTIVE / CLASS ACTION ALLEGATIONS

38.     Plaintiffs bring this action on behalf of the Nationwide Collective Class as a collective action pursuant to the Fair Labor Standards Act, § 216(b) and on behalf of the CA Class as a class action for claims under the CA Labor Laws pursuant to the Federal Rules of Civil Procedure 23.

39.     The claims under the FLSA may be pursued by those who opt-in to this case pursuant to 29 U.S.C. § 216(b).  The claims under the CA Labor Laws may be pursued by all similarly-situated persons who choose not to opt-out of the CA Class, pursuant to the Federal Rules of Civil Procedure 23.

**Allegations Applicable To All Classes**

40.     The members of each of the Classes are so numerous that joinder of all members is impracticable.  The exact number of the members of the Classes can be determined by reviewing Defendant's records.  Plaintiffs are informed and believe and thereon allege that there are hundreds of individuals in each class.

CLASS/COLLECTIVE ACTION COMPLAINT
54221

41.     Plaintiffs will fairly and adequately protect the interests of the Classes, and have retained counsel that is experienced and competent in class action and employment litigation.  Plaintiffs have no interests that are contrary to, or in conflict with, members of the Classes.

42.     A class action/collective action suit, such as the instant one, is superior to other available means for fair and efficient adjudication of this lawsuit.  The damages suffered by individual members of the Classes may be relatively small when compared to the expense and burden of litigation, making it virtually impossible for members of the Classes to individually seek redress for the wrongs done to them.

43.     A class and collective action is, therefore, superior to other available methods for the fair and efficient adjudication of the controversy.  Absent these actions, the members of the Classes likely will not obtain redress of their injuries, and Defendant will retain the proceeds of its violations of the FLSA and applicable CA Labor Laws.

44.     Furthermore, even if any member of the Classes could afford individual litigation against the Company, it would be unduly burdensome to the judicial system.  Concentrating this litigation in one forum will promote judicial economy and parity among the claims of individual members of the Classes and provide for judicial consistency.

45.     There is a well-defined community of interest in the questions of law and fact affecting the Classes as a whole.  The questions of law and fact common to each of the Classes predominate over any questions affecting solely individual members of the action.  Among the common questions of law and fact are:

a.     Whether the Defendant employed the members of the Classes within the meaning of the applicable statutes, including the FLSA;

b.     Whether Plaintiffs and members of the Classes regularly worked hours in excess of forty (40) per week;

c.     Whether Defendant failed to pay Plaintiffs and members of the Classes for all hours worked;

CLASS/COLLECTIVE ACTION COMPLAINT
54221

d.      Whether Defendant failed to provide Plaintiffs and members of the CA Class all mandatory meal and rest breaks;

e.      Whether Defendant violated any other statutory provisions regarding compensation due to Plaintiffs and members of the Classes; and

f.      Whether Plaintiffs and the Classes have sustained damages and, if so, what is the proper measure of damages.

46.     Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude its continued maintenance.

**Allegations Specific To The Nationwide Collective Class**

47.     Pursuant to 29 U.S.C. § 207, Plaintiffs seek to prosecute the FLSA claims as a collective action on behalf of:

> All persons, who: (i) are/were employed as Account Executives with the Company, excluding persons employed by Decision One Mortgage Company; (ii) are/were not paid the federal minimum wage for all hours worked; (iii) are/were not paid overtime compensation work performed beyond the forty (40) hour work week; and (iv) choose to opt-in to this action (the "Nationwide Collective Class").

48.     Notice of the pendency and any resolution of this action can be provided to Nationwide Collective Class by mail, print, and/or internet publication.

**Allegations Specific To The California Class Action**

49.     Plaintiffs bring this action as a class action pursuant to Rules 23(a) and (b) of the Federal Rules of Civil Procedure on behalf of themselves and the following persons similarly situated (the "CA Class"):

> All persons within the State of California who: (i) are/were employed as Account Executives with the Company, excluding persons employed by Decision Mortgage Company; (ii) are/were not paid for all hours worked

in a given workweek; (iii) are/were not paid premium overtime
compensation at a rate not less than one and one-half times their regular
rage for hours worked beyond the forty (40) hour work week, and/or eight
(8) hours in a workday; and (iv) were not provided with all required meal
and rest breaks.

### COUNT ONE

50.     Plaintiffs incorporate the allegations contained in the previous paragraphs of this
Complaint as if fully set forth herein.

51.     At all relevant times, Defendant has been and continue to be, an employer engaged in
interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29
U.S.C. §§ 206(a) and 207(a).

52.     At all relevant times, Defendant employed, and/or continues to employ, Plaintiffs and
each member of the Nationwide Collective Class within the meaning of the FLSA.

53.     As stated herein, Plaintiffs and members of the Nationwide Collective Class regularly and
customarily worked in excess of forty hours a week, without receiving compensation for those hours.

54.     Defendant has a policy and practice of refusing to pay overtime compensation to its
Account Executives for the hours worked in excess of forty hours per week.

55.     Defendant's failure to pay Plaintiffs and all other members of the Nationwide Collective
Class for all hours worked in a given workweek, and failure to pay overtime compensation at a rate not
less than one and one-half times the rate at which they are employed for work performed beyond the 40
hour workweek is a violation of the FLSA, 29 U.S.C. §§ 206, 207.

56.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the
meaning 29 U.S.C. § 255(a).

57.     Due to the Defendant's FLSA violations, Plaintiffs, on behalf of the members of the
Nationwide Collective Class, are entitled to recover from Defendant, their unpaid overtime
compensation, an additional amount equal as liquidated damages, additional liquidated damages for

CLASS/COLLECTIVE ACTION COMPLAINT
54221

unreasonably delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## COUNT TWO

58.    Plaintiffs incorporate the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

59.    At all relevant times, Defendant has been and continue to be, an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

60.    At all relevant times, Defendant employed, and/or continues to employ, Plaintiffs and each member of the Nationwide Collective Class within the meaning of the FLSA.

61.    As stated herein, Plaintiffs and members of the Nationwide Collective Class did not receive compensation for all hours worked.

62.    Plaintiffs and members of the Nationwide Collective Class regularly and customarily worked in excess of forty hours a week, without receiving compensation for those hours.

63.    Pursuant to Section 16(c) of the Act, Plaintiffs and members of the Nationwide Collective Class are entitled to their unpaid compensation and liquidated damages equal in amount to their unpaid compensation for the hours worked in which they did not receive compensation equal to the federal minimum wage, in an amount to be proven at trial, together with interest, costs, and reasonable attorney's fees.

## COUNT THREE

64.    Plaintiffs incorporate the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein

65.    California Wage Order 4-2001, 8 C.C.R. Section 11000, states that an employer shall pay to each employee a minimum wage for each hour worked, unless the employee falls under an enumerated exemption.

66.    Pursuant to Defendant's employment policies, Plaintiffs and members of the CA Class were not credited for all hours worked.

CLASS/COLLECTIVE ACTION COMPLAINT
54221

67.    Plaintiffs and members of the CA Class were not compensated at a rate of at least equal to the California minimum wage for all hours worked.

68.    Pursuant to California Labor Code Section 1194, Plaintiffs and members of the CA Class are entitled to recover their wages, plus interest, attorney's fees, and costs, in an amount to be proven at trial.

## COUNT FOUR

69.    Plaintiffs incorporate the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

70.    Plaintiffs and members of the CA Class worked hours in excess of forty per week and/or eight hours per day for which they did not receive premium compensation.

71.    California Wage Order 4-2001, 8 C.C.R. Section 11040 and Labor Code Section 510(a) state than an employee must be paid overtime, equal to one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty per week, and/or eight per day, unless the employee falls under one of the enumerated exemptions.

72.    California Labor Code Section 510(a) further states that any work in excess of twelve (12) in one day shall be compensated at a rate of no less than twice the employee's regular rate of pay.

73.    Plaintiffs and the members of the CA Class do not fall under any of the enumerated exemptions to the requirements for overtime compensation under the CA Labor Laws.

74.    Pursuant to California Labor Code Section 1194, Plaintiffs and members of the CA Class are entitled to recover their overtime wages, plus interest, attorney's fees and costs, in amounts to be proven at trial.

## COUNT FIVE

75.    Plaintiffs incorporate the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

76.    Labor Code Section 512(a) requires employers to provide employees with a meal period of at least thirty (30) minutes per five (5) hours worked.

CLASS/COLLECTIVE ACTION COMPLAINT
54221

77.     Defendant failed to provide Plaintiffs and members of the CA Class with all meal breaks required by Labor Code § 512(a).  As a result, pursuant to Labor Code § 226.7, Plaintiffs and members of the CA Class are entitled to one additional hour's pay for each day a meal break was not provided, in an amount to be proven at trial.

### COUNT SIX

78.     Plaintiffs incorporate the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

79.     Industrial Welfare Commission Wage Order 4, section 12 requires employers to provide employees with a paid rest period of ten (10) minutes per four (4) hours worked.

80.     Defendant failed to provide Plaintiffs and members of the CA Class with all rest breaks. As a result, pursuant to Labor Code section 226.7, Plaintiff and members of the CA Class are entitled to one additional hour's pay for each day a rest break was not provided, in an amount to be proven at trial.

### COUNT SEVEN

81.     Plaintiffs incorporate the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

82.     Labor Code Sections 221 and 2802, as well as applicable state law, states that an employer may not improperly deduct from or remove an employee's wages for the purpose of recouping losses sustained from cancelled loan contracts in which the employee was involved.

83.     Specifically, Labor Code Section 221 states that it "shall be unlawful for any employer to collect or receive from an employee any part of wages theretofore paid by said employer to said employee."

84.     Nevertheless, Defendant, pursuant to its Company-wide policy, inappropriately required Plaintiffs and members of the CA Class to bear all losses sustained from cancelled loan contracts in which Plaintiffs and members of the CA Class were involved.

85.     Further, Labor Code Section 2802 provides that an employer "shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties."

86.    Plaintiffs and members of the CA Class are entitled to recovery of such amounts, plus interest, attorney's fees and costs, in an amount to be proven at trial.

## COUNT EIGHT

87.    Plaintiffs incorporate the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

88.    Defendant willfully and intentionally failed to pay Plaintiffs and members of the CA Class B all the wages they were due by the deadlines imposed under Labor Code Sections 201 and 201 upon cessation of the class members' employment with Defendant.  Plaintiffs and members of the CA Class B did not secret or absent themselves from Defendant nor refuse to accept the earned and unpaid wages from Defendant.  Accordingly, Plaintiffs and members of the CA Class B are entitled to waiting time penalties of up to thirty (30) days' pay, in an amount to be proven at trial.

## COUNT NINE

89.    Plaintiffs incorporate the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

90.    As alleged herein, Defendant has committed an act of unfair competition under Bus. & Prof. Code Section 17200 *et. seq.* by, *inter alia:* (i) failing to pay the minimum wage pay for all hours worked; (ii) failing to pay premium compensation for all overtime hours worked; (iii) failing to provide all required meal and rest breaks to Plaintiffs and members of the CA Class; and (iv) improperly deducting amounts from the wages of Plaintiffs and members of the CA Class.

91.    Pursuant to Bus. & Prof. Code Section 17203, Plaintiffs request Defendant make restitution of all unpaid compensation due to the CA Class, in an amount to be proven at trial.

## COUNT TEN

92.    Plaintiffs incorporate the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

93.    Defendant failed to provide Plaintiffs and members of the CA Class with accurate and detailed records of hours worked and wages earned, as required by Labor Code Section 226(a).

CLASS/COLLECTIVE ACTION COMPLAINT
54221

94.     Therefore, Plaintiffs, on behalf of the CA Class, requests all such relief that this Court deems appropriate pursuant to the CA Labor Laws.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for:

A.     A Declaration that Defendant has violated the FLSA and the CA Labor Laws and other applicable employment laws;

B.     An Order designating the Nationwide Collective Class as a collective action and issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

C.     An Order designating the CA Class as a class action pursuant to the Federal Rules of Civil Procedure 23;

D.     An Order appointing Plaintiffs and their counsel to represent the Classes;

E.     Imposition of a Constructive Trust on any amount by which Defendant was unjustly enriched at the expense of the Classes as the result of the actions described above;

F.     An Order enjoining Defendant from any further violations of the FLSA and the CA Labor Laws;

G.     For compensatory and punitive damages and all other statutory remedies permitted;

H.     Prejudgment interest;

I.     An Order for equitable restitution of all wages improperly withheld or deducted by Defendant and all unreimbursed business expenses;

J.     An Order awarding attorneys' fees and costs; and

K.     For all other relief as the Court deems just.

### JURY DEMAND

Plaintiffs hereby request a jury trial on all issues so triable.

CLASS/COLLECTIVE ACTION COMPLAINT
54221

Dated:  January 24, 2008

SCHIFFRIN BARROWAY TOPAZ & KESSLER, LLP

By: _____

    Alan R. Plutzik
    L. Timothy Fisher
    2125 Oak Grove Road, Suite 120
    Walnut Creek, CA  94598
    Telephone: (925) 945-0770
    Facsimile: (925) 945-8792

      -and-

    Joseph H. Meltzer
    Gerald D. Wells, III
    Robert J. Gray
    Robert W. Biela
    280 King of Prussia Road
    Radnor, PA  19087
    Telephone: (610) 667-7706
    Facsimile: (610) 667-7056

    *Counsel for Plaintiffs*

CLASS/COLLECTIVE ACTION COMPLAINT
54221

## CONSENT TO BECOME A PARTY PLAINTIFF

1.   I, Paul Velasquez, consent to sue as a Plaintiff in this action, pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et. seq.*

2.   During the applicable period, I was an employee of HSBC and worked in excess of forty (40) hours per week, but was not paid overtime compensation.

3.   By my signature below, I hereby authorize counsel to prosecute the claims in my name and on my behalf, in this action, for Defendant's failure to pay all wages as required under federal law.

DATE: _1-4-08_

By: _Paul J Velasquez_
Print Name

By: _[signature]_
Signature

1

## CONSENT TO BECOME A PARTY PLAINTIFF

1.  I, Faviola Alvarez, consent to sue as a Plaintiff in this action, pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et. seq.*

2.  During the applicable period, I was an employee of HSBC and worked in excess of forty (40) hours per week, but was not paid overtime compensation.

3.  By my signature below, I hereby authorize counsel to prosecute the claims in my name and on my behalf, in this action, for Defendant's failure to pay all wages as required under federal law.

DATE: _1/8/08_

By: _Faviola Alvarez_
Print Name

By: _[signature]_
Signature

1

**VIA FAX**

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
PAUL VELASQUEZ and FAVIOLA ALVAREZ, on behalf of themselves and all others similarly situated.

**DEFENDANTS** HSBC FINANCE CORPORATION; HSBC FINANCE CORPORATION dba HOUSEHOLD FINANCE CORPORATION; HSBC FINANCE CORPORATION dba BENEFICIAL; and DOES 1 through 10, inclusive,

**(b)** County of Residence of First Listed Plaintiff  Imperial County
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Alan R. Plutzik; Schiffrin, Barroway, Topaz & Kessler, LLP, 2125 Oak Grove Rd., Suite 120, Walnut Creek, CA 94598; Tel: (925) 945-0770

Attorneys (If Known)

'08 CV 0153 LSP

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability |  | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☒ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability |  |  | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise |  |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty |  |  | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other |  |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights |  |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition |  |  |  |

## V. ORIGIN (Place an "X" in One Box Only)
☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
29 U.S.C. Section 201
Brief description of cause:
Recovery of unpaid wages and overtime compensation.

## VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE  Judge David O. Carter  /  Judge Maxine Chesney    DOCKET NUMBER  07-00944  /  07-02446

DATE  01/24/2008
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # 146840  AMOUNT $350 - 1/24/08  APPLYING IFP  JUDGE  MAG. JUDGE

# UNITED STATES
# DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA
### SAN DIEGO DIVISION

**# 146840    — BH**
**\* \* C O P Y \* \***
**January 24, 2008**
**16:19:22**

## Civ Fil Non-Pris
USAO #.: 08CV0153 CIVIL FILING
Judge..: NAPOLEON A JONES, JR
Amount.:            $350.00 CK
Check#.: BC# 2216

**Total—>  $350.00**

FROM: VELASQUEZ V. HSBC FINANCE
      CIVIL FILING